# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AVERY REIL, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-18-218 |
| WARDEN GELSINGER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Petitioner Avery Reil ("Reil") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his convictions in the Circuit Court for Harford County, Maryland for second degree burglary and theft. (ECF No. 1). Respondents were directed to respond to the Petition and have done so. (ECF No. 5). Reil filed a reply. (ECF No. 6). This matter has been fully briefed.[1] Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, Reil's Petition IS DENIED AND DISMISSED WITH PREJUDICE.

## BACKGROUND AND PROCEDURAL HISTORY

Reil was found guilty after a jury trial in the Circuit Court for Harford County of second degree burglary, fourth degree burglary, malicious destruction of property, theft and resisting arrest, and on April 15, 2015, was sentenced to a total of fifteen years imprisonment, with all but ten years suspended. (Transcripts, ECF No. 5-3; ECF No. 5-4).

---

[1] Also pending is Reil's "Motion to Remove ECF #13," a supplement to the Petition, which will be granted.

On appeal, the facts adduced at trial were summarized by the Court of Special Appeals of Maryland. (Ct. Spec. App. opinion, ECF No. 8). On the morning of March 24, 2015, Aberdeen Police Department officers responded to a 911 call for a potential burglary at a house located at 530 South Parke Street in Aberdeen, Maryland, where they observed a female, later identified as Reil's girlfriend, Jessica Meller, standing in front of the house talking on a cell phone. Officer Michael Palmer spoke to Meller, while Officer Kyle Hoffman and Corporal Swain went to the back of the house, where they observed the back door had a broken glass pane and saw Reil inside the house. When the officers ordered Reil to put his hands up, he ran out the front door and jumped over a fence into a neighboring yard. Officer Palmer handcuffed Meller, then ordered Reil to stop. Palmer pursued Reil, grabbed the back of his jacket, and then took him to the ground, which caused a pill bottle to fall from Reil's clothing. Reil struggled and flailed his arms. Palmer used a taser to subdue Reil and placed him in handcuffs.

Palmer recovered the pill bottle that Reil had dropped and two others after Reil was searched incident to arrest. One prescription pill bottle was empty, and the other two contained expired pills. Officer Palmer then entered the house, which he found to be unoccupied. He found that the glass in an interior door of the house was broken. Officer Palmer also noticed that several items in the house had been knocked over.

At trial, Sarah Rapone testified that she had inherited title to the house at 530 South Parke Street when her aunt, Sara Norris, died on February 28, 2015. The house had been unoccupied since then but was well-maintained, with no outward signs it was vacant. On the morning of March 24, 2015, Rapone met a real estate agent at the house to discuss listing it for sale. When Rapone left the house at approximately 10:00 a.m. the back door was intact, and all exterior doors were

locked. When she returned later that day, the back door was broken, there was an empty pill bottle in the foyer, and an antique spinner wheel which was upright earlier that morning was turned over. Rapone testified that the pill bottles recovered from Reil contained her late aunt's expired cardiac medication.

At the close of the State's case, defense counsel moved at trial for a judgment of acquittal on the second degree burglary charge on the ground that the State had failed to prove that Reil had broken into the house with the intent to commit a theft, a required element of the crime. Regarding the theft charge, Reil argued that the items taken, the expired pills, had no value and therefore did not fall within the statutory definition of property. The trial court denied the motion. The defense did not present any evidence, and the court denied the renewed motion for judgment of acquittal at the close of all the evidence. (*See* Transcript, ECF No. 5-3, pp. 30–35).

Reil appealed his judgment of conviction to the Court of Special Appeals of Maryland, presenting three questions for review: (1) Was the evidence insufficient to convict him of theft where the State failed to prove the items had any value?; (2) Was the evidence insufficient to convict him of second degree burglary where the State failed to prove he entered the house with the intent to commit theft; and (3) Was his sentence for resisting arrest "as reflected in the docket entries and Commitment record illegal?" (ECF No. 5-6, p. 8). The Court affirmed Reil's convictions in an unreported opinion filed on March 27, 2017.[2] (ECF No. 8).

---

[2] The Court of Special Appeals granted relief as to his third question and remanded the matter for the limited purpose of amending the commitment record and docket entries to reflect the sentence as shown in the transcript. (ECF No. 8 pp. 11–12).

Next, Reil filed a petition for a writ of certiorari in the Court of Appeals of Maryland requesting further review. The Court of Appeals denied the petition on July 28, 2017. *Reil v. State*, 454 Md. 670 (2017).

On January 22, 2018, Reil filed this federal petition. As grounds for relief, he contends there was insufficient evidence at trial to convict him of second degree burglary and theft. (Petition, ECF No. 1, pp. 5–6).[3]

## DISCUSSION

The habeas statute states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A federal court reviewing a habeas petition that a state court has adjudicated previously must give "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). A federal habeas court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id.*

---

[3] Reil does not challenge his convictions for fourth degree burglary, malicious destruction of property, and resisting arrest.

4

A state adjudication is "contrary to" clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir. 2014). Under the "unreasonable application analysis," a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough. v Alvarado*, 541 U.S. 652, 664 (2004)). In other words, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Under section 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id.*

Further, "a determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593

F.3d 372, 378 (4th Cir. 2010). This is especially true where the state court has "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id.*

The Maryland Court of Special Appeals considered and rejected the claim of insufficient evidence that Reil presents in his federal habeas petition. On appeal, Reil argued that the evidence at trial was insufficient to sustain his conviction for theft because the State failed to prove that the items taken had any value. Further, he alleged the evidence was insufficient to convict him of second-degree burglary because the State had failed to prove that he entered the house on South Parke Street with the intent to commit theft. In the absence of proof of these required elements of the crimes, he asserted he was entitled to vacatur of the convictions. (ECF No. 5, p. 19).

More specifically, Reil argued that because the three pill bottles that belonged to Sara Norris containing expired medication had no value, they did not meet the statutory definition of "property" to support a theft conviction.[4] The Court of Special Appeals disagreed, finding:

> In the instant case, the jury could have found that the expired medication retained some value, as did the mutilated currency in *Williams* [*v. State*, 110 Md. App. 1 (1996).] Further, the jury could have inferred that the items had some value based on the fact that appellant chose to take the medication instead of the other valuable items in the house. Accordingly, the evidence was sufficient to support appellant's conviction of theft.

---

[4] In Maryland,

> To convict a defendant of theft under Md. Code (2002, 2012 Repl. Vol.), § 7-104 of the Criminal Law Article ("CL"), "[t]he State bears the burden of proving that the property stolen has value and, if seeking an enhanced penalty, the value of the property stolen." "Property" is defined by CL § 7-101(i) as "anything of value," including tangible items, such as money, food, and documents, and intangible items, such as information, electricity, or trade secrets. "Value" is defined as "the market value of the property or service at the time and place of the crime" or, "if the market value cannot satisfactorily be ascertained, the cost of the replacement of the property or service within a reasonable time after the crime." CL § 7-103(a). It is not necessary that the property's value be quantified to prove theft, but it must have some value. *Jupiter v. State*, 328 Md. 635, 640 (1992).

(ECF No. 5, p. 21)

(ECF No. 5, p. 22).

Next, Reil challenged his second degree burglary conviction, arguing that because he entered the house and took no items of value, no reasonable juror could have concluded that he entered the house with the intent to steal, an element of the offense under Maryland law. The Court rejected this claim, stating:

> In the context of this case, CL § 6-203 provides that "[a] person may not break and enter the storehouse of another with the intent to commit theft, a crime of violence, or arson in the second degree." In analyzing the intent to commit theft, the Court of Appeals has recognized that there are "practical difficulties in proving directly an accused's intention when he or she breaks into a dwelling [or storehouse]," and the Court has held that "the intention at the time of the break may be inferred from the circumstances." *Winder v. State*, 362 Md. 275, 329 (2001). Therefore, the jury may examine the surrounding circumstances of the break-in, including the defendant's acts, to reach a conclusion about his intent. *Id.*
>
> Here, appellant broke a glass pane in the back door of the house to gain entry. As the Court of Appeals noted in *Winder*, "[a] 'surreptitious or forceful breaking' strongly indicates criminal intent." *Id.* The evidence also indicates that appellant moved throughout the house, as if searching for something, before being spotted by the police. He then ran from them despite their order to stop. When caught, he had items belonging to the deceased homeowner on his person. The facts surrounding the break-in provide strong circumstantial evidence of appellant's intent to steal upon entering the house.
>
> Additionally, because we have concluded that the evidence was sufficient to support his conviction for theft of property, the consummated commission of the theft would also provide evidence that appellant had the intent to commit theft when he entered the house.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> Accordingly, we conclude that the evidence was sufficient for a rational trier of fact to conclude that appellant had the requisite intent to commit theft inside the South Parke Street house.

(ECF No. 5, pp. 22-23).

As discussed by the Maryland Court of Special Appeals in its opinion, the standard of review for a sufficiency of the evidence claim on habeas corpus is whether, after viewing evidence

7

in a light most favorable to the prosecution, any rational trier of fact could find essential elements of crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established. *United States v. Tresvant*, 677 F.2d 1018 (4th Cir. 1982). The determination of the credibility of a witness is within the sole province of the jury and is not susceptible to review. *United States v. Saunders*, 886 F.2d 56 (4th Cir. 1989); *Pigford v. United States*, 518 F.2d 831 (4th Cir. 1975).

The testimony of Officer Palmer and Sara Norris provided sufficient evidence for the jury to find Reil guilty of second degree burglary. The Maryland Court of Special Appeals' determination of the facts, as well as its discussion of the law regarding sufficiency of the evidence, are well supported by the record, are not unreasonable applications of federal law as determined by the Supreme Court, withstand federal habeas review scrutiny, and shall not be disturbed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Reil has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Reil may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Petition is denied. A separate Order follows.

Dated this 13 day of March, 2020.

FOR THE COURT:

James K. Bredar
Chief Judge